Judge Logan
delivered the opinion of the court.
This was an action of detinue for a negro boy, in wThich there was a verdict and judgment for the plaintiff. Several objections were taken to the evidence, and various points moved, for the instruction of the court.
To the evidence it was objected, 1st; because it was parol, when, from the proof, it appeared that a bill of sale had been executed, but the loss of which was proven by tbe affidavit of the plaintiff. And 2dly, because the plaintiff’s own declarations, that he had purchased the negro, were detailed by the witness, but as connected with, or explanatory of, the manner in which he came to the perusal of the bill of sale, known by him to be in the hand writing of the defendant. And the instructions of the court were moved upon the following grounds: 1st. That if the jury believed, from the evidence, that the bill of sale was not lost, and might have been produced in evidence, they ought to disregard the pa-rol evidence. 2d. That if they believed the contract was merely executory, for a price to be paid at a future day, and the slave in the mean time remained in the possession of the defendant, that without the payment or tender of the money to the defendant, they ought to find for him. 3d. That the statements of tbe deft, ought to be considered as evidence, as well when they made in favor of, as when they operated against himself. And also upon several other points Relieved to be substantially embraced in the preceding.
Wickliffc for appellant, Talbot for appellee.
Pat-ql evi-introduced, though the' e had been a b^provéd the writing is lost, and this b*a^the oath ef th/party! statemeuts ma be used w^itlustrate testimony winch ⅛ le- '
in an ah-o?v^ewl>°the siatemnts of a party ought e°Un°lüsov¡ní favor- but there is this exception to tvoft he^-u ie" viz: that if á party’s state-him, ⅛ the wboleconver-batu‘”d10Ul¿
With respect to the competency of the evidence, parol Prt>of was certainly proper to prove the contract, when the absence of the written evidence was accounted for. And the case does not appear susceptible of better or other proof to s^ew an(^ account for the absence of the bill of sale, A^d with regard to the statements of the plaintiff as evidence for himself, it will be observed that they did not con-st‘tuíe evidence of his right. The bill of sale was the evidence thereof, and proof of which, known to be in the hand writing of the defendant by the witness, furnished the ProPer &roim(i for the recovery. And statements made merely by way of inducement or illustration of what follows as evidence, may be used to shew its application, and aS expianatol7 of what is evidence,
. }° ^le instructions asked, upon the first point, that the jury, if they believed the bill of sale was not lost, should find for the defendant or disregard the parol evidence, there need but little be said. The jury are not the triers of the opinion of ilie court. They have only to decide upon the evidence as permitted to be given by the court, whose duty it is to determine upon the competency and admissibility thereof according to its legal scale under the circumstances it is adduced, without throwing on the jury the responsibility of that duty by deciding for the court upon the circumstances and facts, upon which the correctness and legality of the opinion must depend.
Upon the 2d point moved, the court did instruct the jury. uPon 3d ground, that the statements of the defend-aiA should be received as evidence as well for as against himself, as an abstract proposition certainly is not main-^a'na^^e’ kccause> although aman shall be presumed to sPeak the truth when related against himself, yet he is not permitted to make evidence without even being upon oath for himself. And it does not appear that the statements of tke defendant were made at the same time; so that the whole should be taken together as making but one entire and ungarbled statement, leaving it as such to explain it-⅛’ connection'of its several parts,
We arc therefore of opinion that the judgment of the court below ought to be affirmed with cost.